**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| L Brian Whitfield, | No. CV-25-00443-TUC-JGZ (MSA) |
| Petitioner, | **ORDER** |
| v. | |
| Mark Gutierrez, | |
| Respondent. | |

On February 25, 2026, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 10.) The Court found the Petition premature because Petitioner sought application of First Step Act ("FSA") time credits that he had not yet earned and that depended on future events, including continued participation in qualifying programming and future accrual of credits during prerelease custody. (*Id.* at 3.)

On March 9, 2026, Petitioner filed the pending Motion for Reconsideration of Order Dismissing Petition Under 28 U.S.C. § 2241. (Doc. 12.) Petitioner asserts that the Court misunderstood his claim. According to Petitioner, he is not seeking application of speculative future FSA credits, but is challenging the Bureau of Prisons' present sentence-execution methodology. (*Id.* at 6–7) Petitioner contends that the BOP's calculation method fails to give operative effect to FSA credits that continue to accrue during prerelease custody, resulting in Petitioner being held in secure custody longer than federal law permits. (*Id.* at 6–7, 9) Petitioner asks the Court to reconsider its dismissal order, require Respondents to answer, appoint counsel, expedite review, and issue a certificate of

appealability.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Petitioner has not shown that reconsideration is warranted. Petitioner's Motion largely repeats or reframes his prior arguments concerning the BOP's calculation and application of FSA time credits. A motion for reconsideration is not an opportunity to reargue matters already decided or to present the same arguments in a different form. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). In the Petition, Petitioner argued the BOP refused to correctly calculate and apply FSA credits for the entirety of his "term of imprisonment," including time in prerelease custody; that a proper calculation would make him eligible for immediate transfer to prerelease custody; and the BOP's methodology denies him continued earning while in prerelease custody and unlawfully prolongs his imprisonment in a BOP-operated institution. (Doc. 1.) The Court considered those arguments and dismissed the Petition because Petitioner's asserted entitlement to earlier prerelease placement depended on credits not yet earned and future circumstances that had not yet occurred. (Doc. 10.)

Petitioner's present characterization of his claim as a challenge to current BOP methodology does not change that conclusion. The Petition itself framed the dispute as a

challenge to the BOP's calculation method and asserted that the method failed to account for FSA credits allegedly available during prerelease custody. (Doc. 1.) Petitioner's additional arguments concerning ripeness, irreparable harm, habeas jurisdiction, agency action, the BOP's obligation to follow its own rules, ultra vires review, and *Loper Bright* likewise do not identify manifest error, newly discovered facts, or intervening controlling authority. Petitioner's disagreement with the Court's prematurity analysis is not a basis for reconsideration. *See Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (explaining that dissatisfaction with a court's order or belief that the court was wrong is not an adequate basis for relief).

Because reconsideration is not warranted, Petitioner's requests for expedited consideration, appointment of counsel, and an order requiring Respondents to answer will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 12) is **denied.**

Dated this 29th day of June, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

- 3 -